| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____  Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | **Vertex Recovery, L.P.** |
|---|---|---|

| 2. | All other names debtor used in the last 8 years | **NickCo Recycling** |
|---|---|---|
| | Include any assumed names, trade names, and *doing business as* names | **NickCo Recycling, Inc.** |

| 3. | Debtor's federal Employer Identification Number (EIN) | **81-0562942** |
|---|---|---|

**4. Debtor's address**

**Principal place of business**

**2323 Clear Lake City Boulevard,**
Number          Street

**No. 180-184**

**Houston**          **TX**          **77062**
City                    State        Zip Code

**Harris**
County

**Mailing address, if different from principal place of business**

Number          Street

P.O. Box

City                    State        Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                    State        Zip Code

| 5. | Debtor's website (URL) | **https://www.vertexenergy.com/** |
|---|---|---|

| 6. | Type of debtor | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☒ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor   **Vertex Recovery, L.P.**                                         Case number *(if known)* _____
           Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3241 (Petroleum and Coal Products Manufacturing)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☒ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | _____ | When | MM/DD/YYYY | Case number | _____ |
| District | _____ | When | MM/DD/YYYY | Case number | _____ |

---

Debtor   **Vertex Recovery, L.P.**                                      Case number *(if known)* _____
         _____
         Name

**10. Are any bankruptcy cases** ☐ No
**pending or being filed by a** ☒ Yes.   Debtor   **See Rider 1**                Relationship   **Affiliate**
**business partner or an**                        _____                      _____
**affiliate of the debtor?**
                                         District   **Southern District of Texas**
List all cases. If more than 1,                    _____        When   **09/24/2024**
attach a separate list.                                                                   _____
                                         Case number, if known   _____         MM / DD / YYYY

**11. Why is the case filed in *this***   *Check all that apply:*
**district?**
                          ☐   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days
                              immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

                          ☒   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have**   ☒ No
**possession of any real**   ☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.
**property or personal property**
**that needs immediate**
**attention?**             **Why does the property need immediate attention?** (*Check all that apply.*)

                          ☐   It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or
                              safety.

                              What is the hazard? _____

                          ☐   It needs to be physically secured or protected from the weather.

                          ☐   It includes perishable goods or assets that could quickly deteriorate or lose value without attention
                              (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or
                              other options).

                          ☐   Other _____

                          **Where is the property?**   _____
                                                       Number        Street

                                                       _____
                                                       City                        State      Zip Code

                          **Is the property insured?**

                          ☐ No

                          ☐ Yes.   Insurance agency    _____

                                   Contact name        _____

                                   Phone               _____

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of**   *Check one:*
**available funds**
                          ☐  Funds will be available for distribution to unsecured creditors.
                          ☒  After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of**   ☐  1-49              ☐  1,000-5,000        ☐  25,001-50,000
**creditors (on a**           ☐  50-99             ☒  5,001-10,000       ☐  50,001-100,000
**consolidated basis)**       ☐  100-199           ☐  10,001-25,000      ☐  More than 100,000
                              ☐  200-999

Debtor   **Vertex Recovery, L.P.**                                    Case number *(if known)*  _____
             Name

| 15. **Estimated assets (on a consolidated basis)** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☒ $500,000,001–$1 billion |
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☐ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| 16. **Estimated liabilities (on a consolidated basis)** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☒ $500,000,001–$1 billion |
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☐ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **09/24/2024**
                        MM/ DD / YYYY

✘   ___**/s/ R. Seth Bullock**_____               ___**R. Seth Bullock**_____
Signature of authorized representative of debtor          Printed name

Title   **Chief Restructuring Officer**

18. **Signature of attorney**

✘   ___**/s/ Jason G. Cohen**_____   Date   **09/24/2024**
Signature of attorney for debtor                      MM/DD/YYYY

**Jason G. Cohen**
Printed name

**Bracewell LLP**
Firm name

**711 Louisiana Street, Suite 2300**
Number                         Street

**Houston**                                   **Texas**        **77002**
City                                             State            ZIP Code

**(713) 223-2300**                              **jason.cohen@bracewell.com**
Contact phone                                   Email address

**24050435**                                    **Texas**
Bar number                                       State

| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

**Southern District of Texas**

(State)

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Vertex Energy, Inc.

- **Vertex Energy, Inc.**
- **Bango Oil LLC**
- **Cedar Marine Terminals, LP**
- **Crossroad Carriers, L.P.**
- **Crystal Energy, LLC**
- **H&H Oil, L.P.**
- **HPRM LLC**
- **Tensile-Heartland Acquisition Corporation**
- **Tensile-Myrtle Grove Acquisition Corporation**
- **Vertex Acquisition Sub, LLC**
- **Vertex Energy Operating, LLC**
- **Vertex II GP, LLC**
- **Vertex Marine Fuel Services LLC**
- **Vertex Merger Sub, LLC**
- **Vertex Recovery Management, LLC**
- **Vertex Recovery, L.P.**
- **Vertex Refining Alabama LLC**
- **Vertex Refining LA, LLC**
- **Vertex Refining Myrtle Grove LLC**
- **Vertex Refining NV, LLC**
- **Vertex Refining Texas LLC**
- **Vertex Renewables Alabama LLC**
- **Vertex Renewables LLC**
- **Vertex Splitter Corporation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VERTEX RECOVERY, L.P., | ) | Case No. 24-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Vertex Acquisition Sub, LLC | 1331 Gemini Street, Suite 250, Houston, TX 77058 | 99% |
| Vertex II GP, LLC | 1331 Gemini Street, Suite 250, Houston, TX 77058 | 1% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VERTEX RECOVERY, L.P., | ) Case No. 24-_____(___) |
| | ) |
| Debtor. | ) |

### CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Vertex Acquisition Sub, LLC | 99% |

Fill in this information to identify the case:

Debtor name:  Vertex Energy, Inc., et al.

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known):

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MATHESON TRI-GAS, INC. 909 LAKE CAROLYN PKWY STE 1300 IRVING, TX 75039-4821 | MICHAEL SINICROPI PRESIDENT & COO EMAIL - MSINICROPI@MATHESONGAS.COM | Termination of Contract | Contingent; Disputed | | | $ 251,200,000 |
| 2 | IDEMITSU APOLLO RENEWABLE 1831 16TH STREET SACRAMENTO, CA 95811 | CARY VANDENBERG CEO EMAIL - CARY.VANDENBERG.0130@IDEMITSURENEWABLES.COM PHONE - (415) 230-5601 | Trade Debt | | | | $ 16,383,335 |
| 3 | US BANK NATIONAL ASSOCIATION 8 GREENWAY PLAZA SUITE 1100 HOUSTON, TX 77046 | ALEJANDRO HOYOS VP/ CORPORATE MUNICIPAL TRUST MANAGER EMAIL - ALEJANDRO.HOYOS@USBANK.COM PHONE - (408) 748-1200 | 6.25% Convertible Senior Notes Due 2027 | | | | $ 15,684,785 |
| 4 | TURNER INDUSTRIES GROUP LLC 8687 UNITED PLAZA BLVD SUITE 500 BATON ROUGE, LA 70809 | STEPHEN M. TOUPS CEO EMAIL - STOUPS@TURNER-INDUSTRIES.COM PHONE - (225) 355-4326 | Trade Debt | Unliquidated | | | $ 3,648,845 |
| 5 | HARGROVE AND ASSOCIATES INC 20 SOUTH ROYAL STREET MOBILE, AL 36602-3202 | RALPH A. HARGROVE CEO & PRESIDENT EMAIL - RALPH.HARGROVE@HARGROVE-EPC.COM PHONE - (251) 438-6130 | Trade Debt | | | | $ 3,271,282 |
| 6 | CUST O FAB SPECIALTY SERVICES 8888 W 21ST ST SAND SPRINGS, OK 74063-8524 | EDWARD ROGALSKI PRESIDENT & CEO EMAIL - EROGALSKI@CUSTOFAB.COM PHONE - (952) 542-9723 | Trade Debt | Unliquidated | | | $ 2,298,207 |
| 7 | KIRBY INLAND MARINE 55 WAUGH DRIVE SUITE 1000 PO BOX 200788 HOUSTON, TX 77007 | DAVID W. GRZEBINSKI CEO EMAIL - DAVID.GRZEBINSKI@KIRBYCORP.COM PHONE - (716) 674-9108 | Trade Debt | | | | $ 1,302,240 |
| 8 | AMERICAN REMEDIATION & ENVIRONMENTAL INC 12631 CELESTE RD CHUNCHULA, AL 36521-3512 | HUNTER GEORGE PRESIDENT EMAIL - HGEORGE@AMERICANENVINC.COM PHONE - (251) 679-6900 | Trade Debt | | | | $ 833,950 |
| 9 | TURN2 SPECIALTY COMPANIES LLC 3558 KILGORE PARKWAY BAYTOWN, TX 77523 | FRANK VENUTO CFO EMAIL - FRANK.VENUTO@TURN2SC.COM PHONE - (346) 241-0439 | Trade Debt | | | | $ 660,538 |
| 10 | BUFFALO MARINE SERVICE INC 8201 E ERATH HOUSTON, TX 77012 | TOM MARIAN VP & GENERAL COUNSEL EMAIL - TOM@BUFFALOMARINE.COM PHONE - (713) 923-5571 | Trade Debt | | | | $ 655,001 |
| 11 | LEWA AMERICA INC 132 HOPPING BROOK ROAD HOLLISTON, MA 01746 | PETER KYRIACOPOULOS PRESIDENT EMAIL - PETER.KYRIACOPOULOS@US.ATLASCOPCO.COM PHONE - (508) 429-7403 | Trade Debt | | | | $ 604,546 |
| 12 | WORLEY GROUP INC 5995 ROGERDALE RD HOUSTON, TX 77072-1601 | CHRIS ASHTON CEO & MANAGING DIRECTOR EMAIL - CHRIS.ASHTON@WORLEY.COM PHONE - (610) 834-6802 | Trade Debt | | | | $ 552,145 |
| 13 | MONUMENT CHEMICAL PORT ARTHUR, LLC 6510 TELECOM DR. SUITE 425 INDIANAPOLIS, IN 46278 | PAUL RAYMOND CEO EMAIL - PRAYMOND@MONUMENTCHEMICAL.COM PHONE - (409) 985-4200 | Trade Debt | | | | $ 486,642 |
| 14 | AMERICAN ENVIRONMENTAL, INC 12631 CELESTE RD PO BOX 570 CHUNCHULA, AL 36521-3512 | HUNTER GEORGE PRESIDENT EMAIL - HGEORGE@AMERICANENVINC.COM PHONE - (251) 679-6900 | Trade Debt | Unliquidated | | | $ 460,000 |
| 15 | ACUREN INSPECTION INC 405 NORTH EASTMAN ROAD LONGVIEW, TX 75601-6911 | TALMAN B. PIZZEY PRESIDENT EMAIL - TPIZZEY@ACUREN.COM PHONE - (903) 753-2375 | Trade Debt | | | | $ 440,902 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 | INTERTEK USA INC 200 WESTLAKE BLVD SUITE 400 HOUSTON, TX 77079 | ANDRÉ LACROIX CEO EMAIL - ANDRE.LACROIX@INTERTEK.COM PHONE - (713) 224-2047 | Trade Debt | | | | $ 370,390 |
| 17 | AQUISITION2023DCW LLC FKA: BRIGHT STAR ENVIRONMENTAL SERVICES LLC 5121 S. ACRES DRIVE HOUSTON, TX 77048-1115 | DIEGO CEVALLOS WILKINS CEO EMAIL - DIEGO@BRIGHTSTARENVIRO.COM PHONE - (346) 980-8124 | Subordinated Unsecured Promissory Note | | | | $ 361,118 |
| 18 | AMERICAN INLAND MARINE VI, LLC 3838 NORTH CAUSEWAY BOULEVARD SUITE 3335 METAIRIE, LA 70002 | AUSTIN SPERRY PARTNER & PRESIDENT EMAIL - ASPERRY@MARITIMEPARTNERSLLC.COM PHONE - (504) 264-5870 | Trade Debt | | | | $ 360,530 |
| 19 | TOMAHAWK CRANE & RIGGING LLC 55 WORKMAN ROAD CHATTANOOGA, TN 37410 | GARY DAVIDSON VP EMAIL - GARY@TCRCRANES.COM PHONE - (423) 602-5438 | Trade Debt | Unliquidated | | | $ 360,000 |
| 20 | PARKER TOWING COMPANY, INC 1001 3RD STREET PO BOX 20908 NORTHPORT, AL 35476 | CHAS HAUN EVP EMAIL - CHAUN@PARKERTOWING.COM PHONE - (205) 349-1677 | Trade Debt | | | | $ 326,915 |
| 21 | GFL ENVIRONMENTAL INC. 8409 15 STREET NW EDMONTON, AB T6P 0B8 CANADA | PATRICK DOVIGI CEO EMAIL - PDOVIGI@GFLENV.COM PHONE - (905) 428-2755 | Trade Debt | | | | $ 320,474 |
| 22 | AMSPEC SERVICES LLC 1249 SOUTH RIVER RD. SUITE 204 CRANBURY, NJ 08512 | MATTHEW J. CORR CEO EMAIL - MCORR@AMSPECGROUP.COM PHONE - (908) 925-7333 | Trade Debt | | | | $ 311,440 |
| 23 | MOTOROLA SOLUTIONS INC 1320 NORTH PLUM GROVE ROAD SCHAUMBURG, IL 60173 | JACK MOLLOY EVP & COO EMAIL - C17511@MOTOROLASOLUTIONS.COM PHONE - (312) 614-4236 | Trade Debt | | | | $ 294,265 |
| 24 | BUCKEYE TERMINALS, LLC 4200 WESTHEIMER RD SUITE 975 PO BOX 56169 HOUSTON, TX 77027 | GARY L. BOHNSACK, JR. CFO EMAIL - GBOHNSACK@BUCKEYE.COM PHONE - (832) 615-8600 | Trade Debt | | | | $ 288,753 |
| 25 | SELECT ENVIRONMENTAL, LLC 2115 CHESTERLAND AVE PO BOX 732711 LAKEWOOD, OH 44107 | SOLOMON GUNYULA PHONE - (713) 672-4500 | Trade Debt | | | | $ 278,435 |
| 26 | RECYCLE WEST, INC. 5366 55 ST. SE CALGARY, AB T8E1G9 CANADA | DREW EIZENGA EVP EMAIL - DEIZENGA@RECYCLEWEST.CA PHONE - (587) 498-0880 | Trade Debt | | | | $ 270,205 |
| 27 | ISC CONSTRUCTORS LLC 20480 HIGHLAND ROAD BATON ROUGE, LA 70817-7347 | MICHAEL LATIOLAIS EVP & CFO EMAIL - MICHAEL.LATIOLAIS@ISCGRP.COM PHONE - (225) 756-8001 | Trade Debt | | | | $ 268,514 |
| 28 | VESCO 16055 SW 12 MILE ROAD P.O. BOX 525 SOUTHFIELD, MI 48037-0525 | LILLY STOTLAND PRESIDENT & CEO EMAIL - LSTOTLAND@VESCOOIL.COM PHONE - (248) 557-1600 | Trade Debt | | | | $ 261,331 |
| 29 | NITRO-LIFT TECHNOLOGIES LLC 8980 HIGHWAY 1 SOUTH MILL CREEK, OK 74856 | VERNON DANIELS PRESIDENT EMAIL - V.DANIELS@NITROLIFT.COM PHONE - (405) 360-3722 | Trade Debt | Unliquidated | | | $ 257,581 |
| 30 | KELVION PRODUCTS INC 283 INDIAN RIVER ROAD ORANGE, CT 06477 | ANDY BLANDFORD CEO EMAIL - ANDY.BLANDFORD@KELVION.COM PHONE - (203) 795-0070 | Trade Debt | | | | $ 249,000 |

Fill in this information to identify the case and this filing:

Debtor Name      **Vertex Recovery, L.P.**

United States Bankruptcy Court for the:      **Southern District of Texas**

                                                                      (State)

Case number (If known):

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | 09/24/2024 | ☒ /s/ R. Seth Bullock |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **R. Seth Bullock** |
| | | Printed name |
| | | **Chief Restructuring Officer** |
| | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**ACTION BY WRITTEN CONSENT**
**OF THE BOARD OF DIRECTORS, BOARD OF MANAGERS,**
**SOLE MANAGER, GENERAL PARTNER, OR SOLE MEMBER, AS**
**APPLICABLE, OF EACH OF THE ENTITIES LISTED ON <u>SCHEDULE I</u> HERETO**

**UNANIMOUS WRITTEN CONSENT**

September 24, 2024

The undersigned, being all the members of the respective board of directors, board of managers, the sole manager, the general partner, the sole member, or other governing body (each, an "<u>Authorizing Body</u>," and collectively, the "<u>Authorizing Bodies</u>") of each company listed on the attached **<u>Schedule I</u>** (each, a "<u>Company</u>," and collectively, the "<u>Companies</u>"), hereby adopt and approve the following resolutions (the "<u>Resolutions</u>") by written consent in lieu of a meeting of their Authorizing Bodies, pursuant to each Company's bylaws, limited liability company agreement, limited partnership agreement, or similar governing document, as applicable (collectively, the "<u>Governing Documents</u>"), and the applicable laws of each jurisdiction in which each Company is organized or incorporated, as applicable.   The Authorizing Bodies do hereby approve, consent to, and adopt the following recitals and Resolutions with the same force and effect as if they had been adopted at a duly convened special meeting of each Authorizing Body.

**WHEREAS**, the Authorizing Bodies, having reviewed and considered (a) entry into the Restructuring Support Agreement, as defined herein, including all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, providing for the implementation of the Plan, as defined herein, consistent with the Restructuring Support Agreement (as defined below) and related disclosures, (b) filing of that certain joint chapter 11 plan for the Companies, reflecting the terms set forth in the Restructuring Support Agreement (as may be amended, modified, or supplemented from time to time, the "<u>Plan</u>") and that certain disclosure statement supporting the Plan (as may be amended, modified, or supplemented from time to time, the "<u>Disclosure Statement</u>") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "<u>Bankruptcy Code</u>"), (c) entry into and performance under the DIP Documents, as defined herein, (d) entry into and performance under the Assurance and Amendment and Restatement Agreement, dated on or around September 25, 2024 ("<u>Assurance and Amendment and Restatement Agreement</u>"), among Vertex Refining Alabama LLC, Vertex Renewables Alabama LLC, and Vertex Energy, Inc. (together with Vertex Refining Alabama LLC, Vertex Renewables Alabama LLC, the "<u>Intermediation Parties</u>") and Macquarie Energy North America Trading Inc., which amends the Supply and Offtake Agreement, dated as of April 1, 2022 (as amended by the amendments to the Supply and Offtake Agreement and certain other Transaction Documents (as defined therein) on each of May 26, 2023, September 1, 2023, December 8, 2023, May 17, 2024, and May 23, 2024, and as further amended by the Assurance and Amendment and Restatement Agreement, the "<u>Supply and Offtake Agreement</u>"), among the Intermediation Parties and Macquarie Energy North America Trading Inc., (e) entry into that certain Support Agreement between Vertex Refining Alabama, LLC, Shell Trading (US) Company, and Equilon Enterprises LLC d/b/a Shell Oil Products US (the "<u>Shell Agreement</u>"), (f) filing of voluntary petitions for relief for the Companies under the Bankruptcy Code pursuant to applicable law and in accordance with the

requirements of the Companies' Governing Documents and applicable law (together with the transactions contemplated by the Restructuring Support Agreement and incorporated in the Plan and Disclosure Statement, the "Restructuring Matters"), and (g) retention of the professions, as set forth herein, in the chapter 11 cases;

WHEREAS, the Restructuring Support Agreement provides that it can be terminated if the Authorizing Bodies determine, upon advice of counsel, that proceeding with the transactions contemplated thereby would be inconsistent with the exercise of its fiduciary duties or applicable law;

WHEREAS, Jeffrey S. Stein, the independent and disinterested director of the Board (the "Disinterested Director") has determined and reported to the Board that, in the judgment of the Disinterested Director, the following resolutions and the actions, transactions and documentation contemplated thereby are advisable and in the best interests of the Company, its stakeholders, its subsidiaries, its creditors and the other parties in interest, and has recommended approval of the same by the Board;

WHEREAS, the Authorizing Bodies have reviewed and considered the materials presented by the management of the Companies and the Companies' financial and legal advisors (collectively, the "Restructuring Advisors"), and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to the Companies;

WHEREAS, the Authorizing Bodies have determined, in their business judgement, that the following Resolutions are advisable and in the best interests of the Companies, their creditors, their stakeholders, and other parties in interest; and

NOW, THEREFORE, IT IS HEREBY RESOLVED, that, pursuant to the Governing Documents, the Authorizing Bodies do hereby unanimously adopt the following Resolutions.

## THE RESTRUCTURING SUPPORT AGREEMENT, PLAN, DISCLOSURE STATEMENT, AND CHAPTER 11 FILING

RESOLVED, that in the business judgment of the Authorizing Bodies, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest, that each Company finalize, execute, and deliver that certain restructuring support agreement (as may be amended, modified, or supplemented from time to time, the "Restructuring Support Agreement"), subject to any necessary modifications and final negotiations consistent with these Resolutions and, in accordance with the requirements in each Company's Governing Documents and the applicable laws of the jurisdiction in which such Company is organized, hereby consents to, authorizes and approves, the entry into the Restructuring Support Agreement;

FURTHER RESOLVED, that in the business judgment of the Authorizing Bodies, the form, terms, and provisions of the Restructuring Support Agreement, the transactions contemplated thereby, including any auction, sales process, merger, business combination, reorganization, recapitalization, asset sale, equity sale, or other fundamental transaction contemplated thereby, and all other documents, agreements, instruments, and/or certificates that

have been, or will be, executed, delivered and/or filed under or in connection with the Restructuring Support Agreement, including, but without limitation, the Definitive Documents (as defined therein), be, and hereby are, in all respects, authorized and approved;

**FURTHER RESOLVED**, that in the business judgment of the Authorizing Bodies, it is desirable and in the best interests of the Companies, their stakeholders, their creditors, and other parties in interest to finalize, execute, and deliver the Restructuring Support Agreement and all other exhibits, schedules, attachments, and ancillary documents or agreements, subject to necessary modifications and final negotiations, and the Companies' performance of its obligations thereunder;

**FURTHER RESOLVED**, that in the business judgment of the Authorizing Bodies, it is desirable and in the best interest of the Companies, their stakeholders, their creditors, and other parties in interest that each Company file or cause to be filed the Plan and the Disclosure Statement, and all other papers or documents (including any amendments) related thereto, and to take any and all actions necessary or appropriate to file or cause to be filed the Plan and the Disclosure Statement;

**FURTHER RESOLVED**, that in the business judgment of the Authorizing Bodies, it is desirable and in the best interest of the Companies, their stakeholders, their creditors, and other parties in interest, that the Company files or causes to be filed voluntary petitions for relief (the "Bankruptcy Petitions") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in each Company's Governing Documents and the applicable laws of the jurisdiction in which such Company is organized, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions; and

**FURTHER RESOLVED**, that any directors or other duly appointed officers of the Companies (collectively, the "Authorized Persons"), which shall include the Chief Restructuring Officer, the Chief Executive Officer, Chief Financial Officer, General Counsel, any Executive Vice President, or any Senior Vice President, shall be, and each of them individually hereby is, authorized and directed for and on behalf of the Companies to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of the Companies in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Companies' businesses.

## RETENTION OF PROFESSIONALS

**RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed to employ on behalf of each Company:  (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as general bankruptcy counsel; (b) the law firm of Bracewell LLP as co-bankruptcy counsel; (c) Perella Weinberg Partners LP, as

investment banker; (d) Alvarez & Marsal North America, LLC as financial advisor; (e) Kurtzman Carson Consultants, LLC d/b/a Verita Global, as claims and noticing agent; and (f) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Persons deem necessary, appropriate, or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and in connection therewith, the Authorized Persons be and hereby are authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; *provided* that Mr. Bullock, in his capacity as Chief Restructuring Officer, shall not take the actions contemplated by the foregoing resolution with respect to Alvarez & Marsal North America, LLC; and

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, proper, appropriate, or desirable in accordance with the foregoing Resolutions.

## USE OF CASH COLLATERAL, DEBTOR IN POSSESSION FINANCING, AND ADEQUATE PROTECTION

**RESOLVED**, that in the business judgment of the Authorizing Bodies, it is desirable and in the best interest of the Companies, their stakeholders, their creditors, and other parties in interest to obtain the benefits of (a) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain of Vertex Refining Alabama LLC's (the "Borrower") prepetition secured lenders (the "Prepetition Lenders") under certain credit and intermediation facilities by and among the Borrower, the guarantors party thereto, and the lenders party thereto; and (b) the incurrence of debtor in possession financing obligations (the "DIP Financing") by entering into that certain senior secured superpriority debtor-in-possession delayed draw term loan facility, with certain of the Prepetition Lenders and their administrative agent, Cantor Fitzgerald Securities (the "DIP Facility");

**FURTHER RESOLVED**, that in order to use and obtain the benefits of DIP Financing and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the Prepetition Lenders (the "Adequate Protection Obligations") as documented in proposed interim and final orders (collectively, the "Financing Orders") to be submitted for approval of the Bankruptcy Court, and, to the extent that the Companies are required to obtain consent from the Prepetition Lenders to enter into any of the DIP Documents, as defined herein, such consent has been (or will be) obtained;

**FURTHER RESOLVED**, that in the business judgment of the Authorizing Bodies, the form, terms, and provisions of each of the instruments and documents governing the DIP Facility listed below (collectively, the "DIP Documents"), and each Company's execution, delivery and performance of its obligations under the DIP Documents, including without limitation the grant

of security interests under the DIP Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorized and approved:

(a)    that certain senior secured super-priority debtor-in-possession loan and security entered into on or around September 25, 2024, by and among the Companies party thereto, as borrowers and guarantors, as applicable, Cantor Fitzgerald Securities, as administrative agent and collateral agent for the lenders, and the lenders party thereto (the "<u>DIP Loan Agreement</u>");

(b)    each other Loan Document (as such term is defined in the DIP Loan Agreement);

(c)    the DIP Term Sheet;

(d)    any security agreement or pledge agreement executed in connection with the DIP Facility;

(e)    the Financing Orders; and

(f)    all other certificates, instruments and documents executed or delivered to or in favor of any of the DIP Lenders (as defined in the DIP Documents) or agent under the DIP Facility in connection with the loans made and transactions contemplated under the DIP Documents, as the same may be amended, supplemented or replaced from time to time;

**FURTHER RESOLVED**, that to the extent applicable, the Companies shall be, and are hereby, authorized to enter into the DIP Documents and incur the obligations thereunder (the "<u>DIP Obligations</u>"), and each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Companies to execute deliver, and perform all of the obligations and the transactions contemplated under each of the DIP Documents in the name and on behalf of the Companies, with such immaterial changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of the Companies, to take all such further actions, or cause all such further actions to be taken and to execute and deliver all such further agreements, documents, instruments, certificates recordings, and filings, in the name and on behalf of the Companies, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing Resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of the Companies, to enter into any guarantees as described or contemplated by the DIP Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by

the DIP Documents and perform its obligations thereunder and to guarantee the payment and performance of the DIP Obligations of the Companies;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Companies to seek authorization to incur the DIP Obligations and approval to use Cash Collateral pursuant to the Financing Orders, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Companies, necessary to implement the postpetition financing, including the Adequate Protection Obligations to the Prepetition Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Documents and the use of Cash Collateral in connection with the chapter 11 case, which agreements may require the Companies to grant adequate protection and liens to the Prepetition Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Companies pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of, and on behalf of, the Companies to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which the Companies are or will be party or any order entered into in connection with the chapter 11 case (together with the DIP Documents and the Financing Orders, collectively, the "Financing Documents") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Person executing the same shall approve;

**FURTHER RESOLVED**, that the Companies, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents, including granting liens on their assets to secure such obligations; and

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Companies, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in his or her sole business judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing Resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof.

## AMENDED SUPPLY AND OFFTAKE AGREEMENT AND SHELL AGREEMENT

**RESOLVED**, that in the business judgment of the Authorizing Bodies, it is desirable and in the best interest of the Intermediation Parties, their stakeholders, their creditors, and other parties in interest to continue to perform under and obtain the benefits of the Supply and Offtake Agreement and the other Transaction Documents (as defined in the Supply and Offtake Agreement) by entering into the Assurance and Amendment and Restatement Agreement and Shell Agreement, as documented in the proposed interim and final intermediation orders (collectively, the "Intermediation Orders") to be submitted for approval of the Bankruptcy Court; and

**FURTHER RESOLVED**, that in the business judgment of the Authorizing Bodies, the form, terms, and provisions of each of the instruments and documents governing the Supply and Offtake Agreement and the other Transaction Documents (as defined in the Supply and Offtake Agreement) listed below (collectively, the "Intermediation Documents"), and each Intermediation Party's execution, delivery and performance of its obligations under the Intermediation Documents and the Shell Agreement, including without limitation, the grant of security interests under the Intermediation Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorized and approved:

(a)    the Assurance and Amendment and Restatement Agreement;

(b)    the Shell Agreement;

(c)    the Intermediation Orders; and

(d)    all other certificates, instruments and documents executed or delivered to or in favor of any of Macquarie Energy North America Trading Inc. in connection with the loans made and transactions contemplated under the Intermediation Documents, as the same may be amended, supplemented or replaced from the time to time.

**FURTHER RESOLVED**, that to the extent applicable, the Intermediation Parties shall be, and are hereby, authorized to enter into the Intermediation Documents and the Shell Agreement and incur the obligations thereunder (the "Intermediation Obligations"), and each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Intermediation Parties to execute deliver, and perform all of the obligations and the transactions contemplated under each of the Intermediation Documents in the name and on behalf of the Intermediation Parties, with such immaterial changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of the Intermediation Parties, to take all such further actions, or cause all such further actions to be taken and to execute and deliver all such further agreements, documents, instruments, certificates recordings, and filings, in the name and on behalf of the Intermediation Parties, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing Resolutions and to consummate the transactions contemplated thereby, such

authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of the Intermediation Parties, to enter into any guarantees as described or contemplated by the Intermediation Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the Intermediation Documents or the Shell Agreement and perform its obligations thereunder and to guarantee the payment and performance of the Intermediation Obligations of the Intermediation Parties;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Intermediation Parties to seek authorization to incur the Intermediation Obligations and the obligations arising under the Shell Agreement pursuant to the Intermediation Orders, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Intermediation Parties, necessary to implement the postpetition intermediation financing, including any additional or further agreements for entry into the Intermediation Documents and the Shell Agreement in connection with the chapter 11 case, and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Intermediation Parties pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of, and on behalf of, the Intermediation Parties to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the Intermediation Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which the Intermediation Parties are or will be party or any order entered into in connection with the chapter 11 case (together with the Intermediation Documents and the Intermediation Orders, collectively, the "Intermediation Facility Documents") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Person executing the same shall approve;

**FURTHER RESOLVED**, that the Intermediation Parties, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Intermediation Facility Documents, including granting liens on their assets to secure such obligations;

**FURTHER RESOLVED,** that the Intermediation Parties, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized, empowered, and directed

to enter into one or more agreements, which provide for an interest rate, credit, commodity or equity swap, cap, floor, collar, forward foreign exchange transaction, currency swap, cross currency rate swap, currency option, securities puts, calls, collars, options or forwards or any combination of, or option with respect to, these or similar transactions, which agreements may be oral or in writing (collectively, "Hedging Agreements") and to execute and deliver any master agreement and the related schedule, confirmation or other agreement or certificate as the counterparty thereto, may require relating to such Hedging Agreements; and

FURTHER RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Companies, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition intermediation financing or any of the Intermediation Facility Documents or to do such other things which shall in his or her sole business judgment be necessary, desirable, proper, or advisable in order to perform the Intermediation Obligations and to give effect to the foregoing Resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof.

## GENERAL AUTHORIZATION

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons (and their designees and delegates), either individually or as otherwise required by each Company's Governing Documents and applicable law, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Companies relating to the Restructuring Matters;

FURTHER RESOLVED, that each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein;

FURTHER RESOLVED, that the Authorizing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the Governing Documents of the Companies, or hereby waive any right to have received such notice;

FURTHER RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Authorizing Bodies; and

**FURTHER RESOLVED**, that any Authorized Person (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds and other things as the Companies itself may lawfully do, in accordance with their Governing Documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing Resolutions, including, but not limited to, the negotiation, finalization, execution and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

## Schedule I

Vertex Energy, Inc.
Vertex Energy Operating, LLC
Vertex Splitter Corporation
Vertex Refining LA, LLC
Vertex Refining Myrtle Grove LLC
Crystal Energy, LLC
Vertex Merger Sub, LLC
Vertex Refining Alabama LLC
Vertex Recovery Management, LLC
Vertex Refining NV, LLC
Vertex II GP, LLC
Vertex Acquisition Sub, LLC
Bango Oil LLC
Vertex Recovery, L.P.
Crossroad Carriers, L.P.
Cedar Marine Terminals, LP
H & H Oil, L. P.
Tensile-Myrtle Grove Acquisition Corporation
HPRM LLC
Tensile-Heartland Acquisition Corporation
Vertex Marine Fuel Services LLC
Vertex Refining Texas LLC
Vertex Renewables LLC
Vertex Renewables Alabama LLC

**IN WITNESS WHEREOF**, the undersigned have executed this unanimous written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

VERTEX ENERGY, INC.

Name:  Benjamin P. Cowart
Title:  Director

Name:  Dan Borgen
Title:  Director

Name:  Karen Maston
Title:  Director

Name:  Timothy C. Harvey
Title:  Director

Name:  Oden Khoury
Title:  Director

Name:  Jeffrey S. Stein
Title:  Director

*[Unanimous Written Consent—Omnibus Filing Resolutions Signature Page]*

**IN WITNESS WHEREOF**, the undersigned have executed this unanimous written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

VERTEX ENERGY, INC.

_____
Name:  Benjamin P. Cowart
Title:  Director


_____
Name:  Dan Borgen
Title:  Director

*Karen Maston*
_____
Name:  Karen Maston
Title:  Director


_____
Name:  Timothy C. Harvey
Title:  Director


_____
Name:  Oden Khoury
Title:  Director


_____
Name:  Jeffrey S. Stein
Title:  Director

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

BANGO OIL LLC

By:  Vertex Refining NV, LLC, its Manager

By:  ___Benjamin P. Cowart_____
 Name:  Benjamin P. Cowart
 Title:  President & Chief Executive Officer

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

VERTEX ENERGY OPERATING, LLC

By:  Vertex Energy, Inc., its Sole Manager

By:  _____
Name:  Benjamin P. Cowart
Title:  President & Chief Executive Officer

[*Unanimous Written Consent—Omnibus Filing Resolutions Signature Page*]

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

VERTEX RECOVERY, L.P.
CROSSROAD CARRIERS, L.P.
CEDAR MARINE TERMINALS, LP
H&H OIL, L.P.

By:  Vertex II GP, LLC, its General Partner

By: _____
     Name:  Benjamin P. Cowart
     Title:  President & Chief Executive Officer

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

TENSILE-HEARTLAND ACQUISITION CORPORATION

DocuSigned by:

*Benjamin P. Cowart*

E42D0005636A43D...

Name:  Benjamin P. Cowart
Title:  Director

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.


TENSILE-MYRTLE GROVE ACQUISITION
CORPORATION


DocuSigned by:

*Benjamin P. Cowart*

E42D9005636A43D...

Name:  Benjamin P. Cowart
Title:  Director

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

VERTEX RENEWABLES ALABAMA LLC

By:  Vertex Renewables LLC, its Sole Member and
     Sole Manager

By:  _Benjamin P. Cowart_

     Name:  Benjamin P. Cowart
     Title:  President & Chief Executive Officer

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.


VERTEX RENEWABLES LLC

By:  Vertex Refining Alabama LLC, its Sole
      Member


By:  _____
     Name:  Benjamin P. Cowart
     Title:  President & Chief Executive Officer

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

VERTEX SPLITTER CORPORATION

Name:  Benjamin P. Cowart
Title:  Director

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

HPRM LLC

By:  Vertex Energy Operating, LLC, as Member and as Manager

By: _____
Name:  Benjamin P. Cowart
Title:  President & Chief Executive Officer

By:  Vertex Splitter Corporation, as Member

By: _____
Name:  Benjamin P. Cowart
Title:  Director

By:  Tensile-Heartland Acquisition Corporation, as Member

By: _____
Name:  Benjamin P. Cowart
Title:  President & Chief Executive Officer

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above.  This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

> VERTEX REFINING LA, LLC
> VERTEX REFINING MYRTLE GROVE LLC
> CRYSTAL ENERGY, LLC
> VERTEX MERGER SUB, LLC
> VERTEX REFINING ALABAMA LLC
> VERTEX RECOVERY MANAGEMENT, LLC
> VERTEX REFINING NV, LLC
> VERTEX II GP, LLC
> VERTEX ACQUISITION SUB, LLC
> VERTEX MARINE FUEL SERVICES LLC
> VERTEX REFINING TEXAS LLC
>
> By:  Vertex Energy Operating, LLC, its Sole
>       Member, Sole Manager, or Manager, as
>       applicable
>
> By:  _Benjamin P. Cowart_____
>       Name:  Benjamin P. Cowart
>       Title:  President & Chief Executive Officer